UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM FRANKS,<br><br>        Plaintiff,<br><br>    v.<br><br>G. LUNA, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00414-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR IFP STATUS BE DENIED<br><br>(ECF No. 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

      Plaintiff Tom Franks is incarcerated at California State Substance Abuse Treatment Facility, Corcoran, and is proceeding *pro se* in this action filed on April 10, 2024. (ECF No. 1). On April 21, 2025, Plaintiff filed an application to proceed *in forma pauperis* (IFP) in this action (ECF No. 6).

      Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff's motion be denied. If the findings and recommendations are adopted, Plaintiff will be required to pay the $405 filing fee in full if he wants to proceed with the action.

    I.    **IFP REQUEST**

"IFP status is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed *in forma pauperis* is a privilege not a right."). The grant or refusal of permission to proceed *in forma pauperis* is left to

the sound discretion of the district court. *Smart*, 347 F.2d 114, 116 (9th Cir. 1963) (citing *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)).

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## III.   ANALYSIS

### A.   Strikes

Plaintiff filed this action on April 10, 2025. (ECF No. 1). The Court takes judicial notice[1] that in the following three cases: (1) *Franks v. Johnson et al*, No. 1:20-cv-00551-DAD-BAM, Doc. 18, p. 2 (E.D. Cal.) (case dismissed on December 1, 2020, for failure to state a claim); (2) *Franks v. Johnson et al.*, No. 1:20-cv-00367-AWI-SAB, Doc. 7, p. 2 (E.D. Cal.) (case dismissed on May 1, 2020, for failure to state a claim); (3) *Franks v. Johnson, et al.*, 2:20-cv-04635-VBF-PD (C.D. Cal.) (ECF No. 33 at 6, 10, 11) (finding that "the [Third Amended Complaint] fails to allege a cognizable claim under 42 U.S.C. § 1983" and recommending "that judgment be entered

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

dismissing the Third Amended Complaint with prejudice" [.]"), *order adopted by* ECF No. 36 (stating that "[t]he Report and Recommendation is ADOPTED" and "[t]he Third Amended Complaint is dismissed with prejudice."). Accordingly, the Court finds that Plaintiff has at least three "strikes" under 28 U.S.C. § 1915(g).

### B.     Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint alleges that Officer Herrara beat him up, causing injury to his neck and eye socket. (ECF No. 1 at 3, 4). Although the Court acknowledges that these are concerning allegations, they concern past events, not ongoing or expected danger. (*See generally* ECF No. 1). Therefore, the Court finds that Plaintiff has failed to demonstrate that he was in imminent danger of physical injury when he filed the complaint. *See Driver v. Pohovich*, No. 2:22-CV-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff's request for IFP status be

denied, and Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

### IV.     CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 6) be denied.
2. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2025**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE