UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM FRANKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. LUNA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-0414 JLT EPG (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S UNTIMELY OBJECTIONS<br><br>(Doc. 12) |

Tom Franks requested to proceed *in forma pauperis* in this action, in which he asserts the defendants violated his civil rights while he was housed at Kern Valley State Prison. (Docs. 6, 10.) On June 3, 2025, the magistrate judge issued Findings and Recommendations, recommending the denial of Plaintiff's motion to proceed *in forma pauperis*. (Doc. 9.) The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 30 days. (*Id.* at 4.) The Court also advised Plaintiff the failure to file timely objections may result in the waiver of rights. (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) More than two weeks after the filing deadline expired, the Court performed a *de novo* review of matter, found Plaintiff is subject to the three strikes provision of Section 1915(g), and did not show facts to satisfy the "imminent danger" exception. (Doc. 11.) Therefore, the Court ordered Plaintiff to pay the filing fee.

After performing this *de novo* review, the Court received objections that are unsigned and

undated.  (Doc. 12.)  The Court is unable to find these objections were timely, particularly because they were received 48 days after the date of service.  Plaintiff did not seek an extension of time to file objections, and he does not explain the delay in any manner.  (*See generally* Doc. 12.)  For this reason, Plaintiff's untimely objections shall be disregarded.[1]  *See, e.g., Branch v. Yates*, 2011 WL 443639, at *1 (E.D. Cal. Feb. 3, 2011) (disregarding objections as untimely when filed beyond the objection period).  Thus, the Court **ORDERS**:

1. Plaintiff's untimely objections to the Findings and Recommendations are **DISREGARDED**.
2. Plaintiff **SHALL** pay the filing fee as ordered by the Court.

IT IS SO ORDERED.

Dated:  **July 29, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] In the Findings and Recommendations, the Court informed Plaintiff that "[a]ny objections shall be limited to no more than 15 pages, including exhibits." (Doc. 9 at 4.) Despite this order, Plaintiff's objections totaled 87 pages, including exhibits. "Page limits promote judicial economy and 'encourage litigants to hone their arguments and to eliminate excessive verbiage.'" *Lacomba v. Eagle Home Loans & Inv., LLC*, 2023 WL 6201597, at *1 (E.D. Cal. Sept. 21, 2023) (quoting *Fleming v. County of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted)). Towards this end, courts impose various sanctions for failure to comply with the imposed limits, including striking a brief entirely or declining to consider pages beyond the limit. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming the district court's decision to strike a brief that did not comply with the page limit); **Plaintiff is reminded of his obligation to comply with all orders of the Court—including page limits identified— and that failure to comply with the orders may result in sanctions**.  *See Swanson*, 87 F.3d at 345.